Stanley COOPER, Sheila T. Cooper, Richard C. Stein, as Trustee of the Trusts for the benefit of Michael Cooper, Richard C. Stein, as Trustee of the trust for the benefit of Adam Cooper, Plaintiffs–Appellants,

v.

Richard K. GOTTLIEB, Charles G. Berg, Alan Andreini, Defendants–Appellees,

Gerald L. Parsky, William E. Simon, Michael J. Sacks, J. Michael Bell, Elizabeth Cole, Peter Ackerman, John H. Long, Jr., WSGP International, Inc., WSGP–Partners, L.P., WSGP–Limited Partnership, WSGP–USP, Inc., Aurora 1800 Partners, L.P., Century City 1800 Partners, L.P., Wespar Insurance Brokerage Inc., Southwest Venture Partners II, BMG Partners, Inc., W. Ross Reucassell, Raymond F. Sebastian, IGI–BOLER Inc., Boler Petroleum Corporation, The International Group, Inc., (Delaware), The International Group, Inc. (Canada), Defendants.

No. 00–9255.

United States Court of Appeals, Second Circuit.

May 17, 2001.

Edward Cherney, New York, NY, for appellants.

Richard T. Joffe, Gibson, Dunn & Crutcher, LLP; Dean J. Kitchens, on the brief, New York, NY, for appellees.

Present WINTER, STRAUB and POOLER, Circuit Judges.

SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiffs Appellants Stanley Cooper, Sheila T. Cooper, and Richard C. Stein as trustee of the trusts for the benefit of Michael Cooper and Adam Cooper (collectively the "Coopers") appeal from an order entered in the United States District Court for the Southern District of New York (John G. Koeltl, *Judge* ), granting summary judgment to Defendants Appellees Richard K. Gottlieb, Charles G. Berg, and Alan Andreini (the "defendants"). The Coopers brought this action alleging

that the defendants, three corporate directors of U.S. Petroleum ("USP"), breached a December 22, 1987 Voting Agreement under which the defendants were given proxies to vote the Coopers' shares of stock in USP. The Coopers alleged that as a result of the defendants' actions, they lost the value of their shares in USP, which was subsequently dissolved in a Chapter 7 bankruptcy proceeding. The Coopers sought $100 million in compensatory damages and $100 million in punitive damages.

For substantially the reasons stated in the District Court's thorough Opinion and Order of September 4, 2000, we affirm the grant of summary judgment for the defendants. We agree with the District Court that the defendants could not have violated the Voting Agreement because they never voted the Coopers' shares. Under the Voting Agreement, liability attaches only when the voters vote shares and do so in a manner that is grossly negligent or constitutes willful misconduct.

We have considered all of the appellants' claims on appeal and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court. Appellants and their counsel are advised that the Court deems this appeal to be frivolous. Save for a petition for rehearing and rehearing in banc in this Court and the seeking of relief in the Supreme Court of the United States, any further litigation in this matter may be subject to sanctions.